Ronald J. Dreher, Esq.
Nevada Bar No. 15726
DREHER LAW
P.O. Box 6494
Reno, NV 89513
775-846-9804
ron@dreherlaw.net
*Attorney for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT

# IN AND FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MAQUADE CHESLEY | Case No.: 2:25-cv-00218-APG-MDC |
| Plaintiff, | |
| vs. | |
| CITY OF MESQUITE; and DOES I-X, | **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** |
| Defendants. | **SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff JOSEPH MAQUADE CHESLEY ("Plaintiff") and Defendant CITY OF MESQUITE ("Defendant"), by and through their undersigned counsel, hereby submit their Amended Stipulated Discovery Plan and Scheduling Order ("DPSO") pursuant to Fed. R. Civ. P. 26(f), and LR 26-1. The parties met and conferred regarding this report on May 9, 2025.

**I.    PROPOSED DISCOVERY PLAN AND SCHEDULING ORDER**

The parties met and conferred telephonically and participated in the Rule 26(f) conference on May 9, 2025. Ronald J. Dreher was present for Plaintiff, and Marcus Lee and Jorge Padilla were present for Defendant.

The dates proposed in this Section are within the deadlines specified in LR 26-1(b), and the deadlines submitted herein are in compliance with LR 26-1(b). A special scheduling review is requested and discussed in detail herein.

-1-

### A. Discovery Plan

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules. Subject to the preceding, the parties present the following discovery plan. THE SPECIAL SCHEDULING REQUEST IS AS FOLLOWS:

| | |
|---|---|
| **Discovery Cut-Off** (180 days after first defendant responded to the Complaint) | 10/01/25 |
| **Deadline To Amend Pleadings And Add Parties** (Discovery Cut-off – 90 days) | 07/03/25 |
| **Expert Disclosures** (Discovery Cut-off – 60 days) | 08/04/25 |
| **Rebuttal Expert Disclosure** (Expert Disclosure + 30 days) | 09/03/25 |
| **Dispositive Motions Deadline** (Discovery Cut-off + 30 days) | 10/31/25 |
| **Pretrial Order, including Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures and any objections thereto** (Dispositive Motions Deadline + 30 days) | 11/01/25 (this deadline is stayed if a dispositive motion is timely filed until thirty (30) days after the ruling on the dispositive motion or until further order of the Court.) |

### B. Initial Disclosures

The parties made their initial disclosures on May 23, 2025, which is fourteen days after the date the parties participated in the Rule 26(f) conference. In addition, on May 26, 2025, Plaintiff served Defendant with his computation of damages.

### C. Discovery Served

On May 23, 2025, Plaintiff served Defendant with his First Request for Production of Documents to which no response has been received at this time.

**D. Protective Order and Confidential Information**

The parties discussed the need for a protective order related to confidential employment information and confidential information or highly personal private information. At this time, it is not believed that a protective order will be necessary.

E. The parties anticipate conducting discovery in accordance with the Federal Rules of Civil Procedure and Local Rules, and they do not have any proposals or see any issues regarding any special timing, sequencing, phasing, or scheduling or discovery.

**F. Electronic Discovery ("ESI")**

The parties hereby certify that they discussed whether they intend to present evidence in electronic format to jurors for the purposes of jury deliberations, but the parties have not reached any stipulations at this time regarding providing discovery in an electronic format compatible with the court's electronic jury evidence display system. At this time, the parties believe that this case may involve or require the inspection or production of some electronically stored information ("ESI"). To the extent a party requests ESI, the parties agree that the ESI can be produced as a readable image (e.g., .pdf or .tiff) file, while reserving the right to seek ESI thereafter if necessary and to the extent readable images are insufficient in establishing any claims or defenses. To the extent there is any ESI it will likely be located within searches of communications in Defendant's Departments or Plaintiff's personal computer. If a party later requests the ESI be produced in its native format and/or as a forensic copy, the parties agree to meet and confer to determine the parameters of the production and to produce according to the Federal Rules of Civil Procedure and LR 26-1(b)(9).

**G. Discovery Issues**

    **a. The Subjects on Which Discovery Will Be Conducted**

The parties are in agreement that discovery will be needed on Plaintiff's claims, causes of action, and his damages, as well as the Defendant's defenses to the same, consistent with the Federal Rules of Civil Procedure and the Local Rules of the District.

### b. Issues Relating To Claims Of Privilege Or Attorney-Work Product

The parties agree to be bound by Federal Rule of Evidence 502 regarding the disclosure of privileged material or work product. Further, the parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, there is a possibility that certain privileged material may be produced inadvertently. Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine, or any other recognized privilege ("Privileged Document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld. Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof. By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

### c. Discovery Disputes

The parties agree that if, after complying with the Federal Rules of Civil Procedure and applicable Local Rules, and meeting and conferring in an attempt to resolve a discovery dispute informally, there remains a dispute, the parties will comply with the applicable Local

Rules and the information discovery dispute procedure set forth in the Court's Civil Standing Order entered December 5, 2024. (ECF No. 9.)

### d. Extensions or Modifications of the Discovery Plan and Scheduling Order

In accordance with LR 26-3 any motion or stipulation to extend a deadline set forth in this discovery plan and scheduling order shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline. A request made within 21 days of the subject deadline will be supported by a showing of good cause. Any stipulation or motion will comply fully with LR 26-3.

### H. ADR/Settlement Prospects

The parties hereby certify that they have met and conferred about the possibility of using alternative dispute resolution process, and an early neutral evaluation ("ENE") was scheduled to take place on May 14, 2025. The ENE was continued after Defendant filed a motion for continuance to pursue an appeal in a separate matter. Defendant shall file a status report no later than July 7, 2025, so that the Court may determine when to reset the ENE. (ECF No. 29).

### I. Alternate Forms of Case Disposition

The parties considered trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01) and do not believe the case appropriate for alternate forms of case disposition. The case has not been assigned to a Magistrate Judge and no party has declined consent to the assignment of a Magistrate Judge at this time.

### K. Case Management Conference

The parties do not request a case management conference at this time.

**M. Reasons for Special Scheduling Review Request**

Good cause exists to extend the discovery and motion deadlines, for the following reasons. The parties, in good faith, filed their Stipulated Discovery Plan and Scheduling Order on May 23, 2025 (ECF No. 34), which was 14 days after the parties held the Rule 26(f) conference. This was filed with the discovery deadlines being calculated from April 4, 2025, as this is when the Defendant first filed a response in the form of a Motion to Dismiss (ECF No. 23) to the Complaint. (ECF No. 1). Defendant initially appeared by way of its City Attorney on February 4, 2025, who was not authorized to practice in front of this Court, and was merely present to advise the Court that Defendant was in the process of retaining counsel. When Defendant's current counsel made his first appearance on February 14, 2025, (ECF No. 12), he was addressing the Application for Temporary Restraining Order (ECF No. 3) and Motion for Preliminary Injunction (ECF No. 5), and was not responding to the Complaint. Subsequently, the Defendant filed a Motion to Extend Time (ECF No. 16) that was granted on March 4, 2025 (ECF No. 21) extending the time for a response to the Complaint to April 4, 2025. In the interim, the parties have been involved in a related state court case addressing additional allegations by the Plaintiff and actions by the Defendant that have directly affected this matter, which resulted in Plaintiff filing a First Amended Complaint on April 16, 2025, and a Second Amended Complaint on May 13, 2025. Due to the continuous actions that have been taken related to this matter, the parties agree that using the April 4, 2025, date as the starting point for the discovery deadline will permit each side to adequately complete discovery and amend their pleadings as necessary.

As noted in section B and C herein, the parties have only just begun the discovery process with both sides having served their initial disclosures, while Plaintiff has served his computation of damages and his first request for production of documents. Thus, this special scheduling review request is necessary to allow the parties to obtain all the relevant records and fully evaluate experts that may be necessary to address the damages issues raised by the responses to the written discovery requests and subpoenas. The parties respectfully request that

1  that the special scheduling request related to the discovery and motion deadlines as outlined and
2  defined herein be granted. This request is not intended for delay and is made in good faith.
3       Respectfully submitted,

| Dated this 29th day of May, 2025. | Dated this 29th day of May, 2025. |
|---|---|
| /s/  *Ronald J. Dreher*<br>Ronald J. Dreher<br>NV Bar No. 15726<br>P.O. Box 6494<br>Reno, NV 89513<br>Tel.: (775) 846-9804<br>ron@dreherlaw.net<br>*Attorney for Plaintiff* | /s/  *Coco Padilla*<br>Jorge "Coco" Padilla<br>NV Bar No. 16295<br>300 S. 4th Street, Suite 1250<br>Las Vegas, NV 89101<br>Tel.: 725-286-2801<br>jpadilla@ohaganmeyer.com<br>*Attorney for Defendant* |

**ORDER**

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
DATED: 5/30/2025

-7-