Sheri M. Thome, Esq.
Nevada Bar No. 008657
Jason R. Wigg, Esq.
Nevada Bar No. 007953
**WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
Telephone: 702.727.1400
Facsimile: 702.727.1401
Email: Sheri.Thome@wilsonelser.com
Email: Jason.Wigg@wilsonelser.com
*Attorneys for Defendants City of Mesquite,
Edward Owen Dickie, Jesse Whipple, Karen Fielding,
Paul Wanlass, & Kevin Parrish*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH MAQUADE CHESLEY,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF MESQUITE; and EDWARD OWEN DICKIE, in his individual capacity; and JESSE WHIPPLE, in his individual capacity; and MICHAEL BRANUM, in his individual capacity; and KAREN FIELDING, in her individual capacity; and PAUL WANLASS, in his individual capacity; and KEVIN PARRISH, in his individual; capacity; and DOES I-X,<br><br>Defendants. | Case No.  2:25-cv-00218-APG-MDC<br><br>**AMENDED STIPULATION TO EXTEND DISCOVERY DEADLINES (SECOND REQUEST)** |

Plaintiff Joseph MaQuade Chesley ("Plaintiff") and Defendants City of Mesquite (the "City'), Edward Owen Dickie ("Dickie"), Jesse Whipple ("Whipple"), Karen Fielding ("Fielding"), Paul Wanlass ("Wanlass"), Kevin Parrish ("Parish") and Michael Branum ("Branum") (collectively the "Defendants"), by and through their undersigned counsel of record, hereby submit the following Stipulation to Extend Discovery Deadlines in accordance with LR 26-3 and LR IA 6-1.

This is the second request to extend the deadlines in the scheduling order (ECF No. 37), with the first request having been granted pursuant to a stipulation between the Parties (ECF No. 45). Counsel submits that the request is brought in good faith, supported by good cause in compliance with LR 26-3, addresses whether excusable neglect exists, and is not intended to cause delay.

318688299v.1

**A.    DISCOVERY COMPLETED TO DATE (LR 26-3(a))**

1. The Rule 26(f) conference was held on May 9, 2025.

2. Plaintiff served his initial disclosures on May 23, 2025.

3. Defendant City served its initial disclosures on May 23, 2025.

4. Plaintiff served his First Request for Production of Documents to Defendant City on May 23, 2025.

5. Defendant City served its responses to Plaintiff's First Request for Production of Documents on July 7, 2025 (in accordance with a two-week extension granted by Plaintiff to Defendant from June 23, 2025).

**B.    DISCOVERY THAT REMAINS TO BE COMPLETED (LR 26-3(b))**

The parties anticipate completing the following discovery:

1. Written discovery by the parties;

2. Production of additional documents;

3. Deposition of Plaintiff;

4. Depositions of Defendants;

5. Depositions of fact witnesses;

6. Disclosure of experts and rebuttal experts; and

7. Depositions of experts.

**C.    REASONS WHY DEADLINE WAS NOT SATISFIED/GOOD CAUSE FOR REQUEST (LR 26-3(c))**

A request to extend deadlines in the scheduling order must supported by a showing of "good cause" and be made "no later than 21 days before the expiration of the subject deadline." LR 26-3; *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608-09 (9th Cir. 1992). The good cause inquiry primarily focuses on the requesting parties' diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). Good cause to extend a discovery deadline exists "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson*, 975 F.2d at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id.*

Moreover, any request made after the 21-day period will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "'Excusable neglect' is a flexible, equitable concept but 'inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect.'" *Williams v. McCoy*, No. 3:22-CV-00376-CLB, 2024 U.S. Dist. LEXIS 7406, at *3-4 (D. Nev. Jan. 16, 2024) (quoting *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994)).

"In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Id.* at 4 (citing *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000)).

### 1. Good Cause

Here, the parties submit that good cause exists to extend discovery deadlines. Defense counsel for the City substituted in the case on June 20, 2025 (ECF No. 40). Plaintiff's Second Amended Complaint (ECF No. 30) also brought in six individual defendants. Defense counsel for the City agreed to accept service for Defendants, Dickie, Whipple, Fielding, Wanlass and Parrish, pursuant to an Acceptance of Service filed June 30, 2025 (ECF No. 44). Defendant Michael Branum ("Branum") appeared through separate counsel, Rusty Graf, Esq. of the law firm Black & Wadhams, pursuant to an Acceptance of Service filed July 10, 2025 (ECF No. 48). In addition to needing adequate time to obtain the file from prior counsel and to engage in discovery on the merits of the case, discovery has been affected by dispositive motion practice associated with Plaintiff's First (ECF No. 24), Second (ECF No. 30), and Third (ECF No. 49) Amended Complaints.

### 2. Excusable Neglect

Excusable neglect exists in this matter as to the deadline for amending parties/adding pleadings. With new defense counsel and new defendants, the parties had not had sufficient time to determine what further amendments are appropriate to the pleadings. There is no prejudice to either party since both parties are in agreement of the proposed extension. *See Bateman*, 231 F.3d at 1223 (first factor). There is no trial date impacted, as one has not yet been set. The parties acted diligently in determining that this extension was necessary and in submitting same to the Court.

-3-

318688299v.1

1  Finally, the Parties are acting in good faith. *Id.* The extension sought is due to Defense counsel's
2  recent retention, working with client to confirm representation of new defendants in the action, and
3  deadlines quickly approaching. In sum, the factors this Court is to consider support a finding of
4  excusable neglect.

5  **D.    PROPOSED DISCOVERY SCHEDULE (LR 26-3(d))**

6  The parties request that the current deadlines in the scheduling order (ECF No. 45) be
7  extended as follows:

| Description | Current Deadline | **Proposed Deadline** |
|---|---|---|
| Discovery Cut-Off | 12/01/2025 | **01/30/2026** |
| Deadline to Amend Pleadings and Add Parties | 09/02/2025 | **11/03/2025** |
| Expert Disclosures | 10/03/2025 | **12/02/2025** |
| Rebuttal Expert Disclosures | 11/03/2025 | **01/02/2026** |
| Dispositive Motion Deadline | 01/09/2026 (post-holiday) | **03/10/2026** |
| Pretrial Order, including Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures and any objections thereto | 01/09/2026 (this deadline is stayed if a dispositive motion is timely filed until thirty (30) days after the ruling on the dispositive motion or until further order of the Court.) | **03/10/2026** |

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

-4-

318688299v.1

**IT IS SO STIPULATED.**

DATED this 21st day of August, 2025.

WILSON, ELSER, MOSKOWITZ, EDELMAN
& DICKER LLP

*/s/ Sheri M. Thome*
Sheri M. Thome, Esq., Nevada Bar No. 008657
Jason R. Wigg, Esq., Nevada Bar No. 007953
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, Nevada 89119
*Attorneys for Defendants City of Mesquite,
Edward Owen Dickie, Jesse Whipple, Karen
Fielding, Paul Wanlass, & Kevin Parrish*

DATED this 20th day of August, 2025.

DREHER LAW

*/s/ Ronald J. Dreher*
Ronald J. Dreher, Esq., Nevada Bar No. 15726
P.O. Box 6494
Reno, NV 89513
775-846-9804
*Attorney for Plaintiff*

DATED this 21st day of August, 2025.

BLACK & WADHAMS

*/s/ Rusty J. Graf*
Rusty J. Graf, Esq., Nevada Bar No. 06322
10777 W. Twain Avenue, Suite 300
Las Vegas, NV 89135
rgraf@blackwadhams.law
*Attorney for Defendant Michael Branum*

## ORDER

IT IS HEREBY ORDERED that the following deadlines shall be extended as follows:

| Description | Deadline |
| --- | --- |
| Discovery Cut-Off | 01/30/2026 |
| Deadline to Amend Pleadings and Add Parties | 11/03/2025 |
| Expert Disclosures | 12/02/2025 |
| Rebuttal Expert Disclosures | 01/02/2026 |
| Dispositive Motion Deadline | 03/10/2026 |
| Pretrial Order, including Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures and any objections thereto | 03/10/2026 |

IT IS SO ORDERED:

_____
Hon. Maximiliano D. Couvillier, III
UNITED STATES MAGISTRATE JUDGE

DATED: August 27, 2025

-5-

318688299v.1