**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Joseph Maquade Chesley,

          Plaintiff,

vs.

City of Mesquite, *et al.*,

          Defendants.

Case No. 2:25-cv-00218-APG-MDC

**ORDER GRANTING MOTION TO AMEND (ECF NO. 68)**

Pending before the Court is plaintiff's *Motion to Amend* (ECF No. 68) ("Motion"). Plaintiff seeks to amend his current Amended Complaint (ECF No. 30). The Court **GRANTS** the Motion for the reasons below.

**DISCUSSION**

**I.    PROCEDURAL BACKGROUND**

Plaintiff filed his first complaint against defendants on February 3, 2025, alleging that defendants were liable under an array of causes of action. *ECF No. 1* at 8-13. Soon after defendant City of Mesquite ("Mesquite") filed a *Motion to Dismiss* (*ECF No. 23*), plaintiff filed his First Amended Complaint ("FAC") on April 16, 2025. *ECF No. 24*. When Mesquite again filed a *Motion to Dismiss* (*ECF No. 27*) to the plaintiff's FAC, plaintiff filed his Second Amended Complaint ("SAC") on May 13, 2025, and later a Third Amended Complaint ("first TAC") on July 13, 2025. *ECF Nos. 30, 49*. Plaintiff then filed a Notice of Withdrawal of the first TAC (ECF No. 57) and the Court struck it, noting that plaintiff's counsel must adhere to Federal Rule of Civil Procedure ("Federal Rule") 15 and LR 15-1 if they wanted to file another amended complaint. *ECF No. 67*. On October 24, 2025, plaintiff then filed this Motion requesting for the Court's leave to file another Third Amended Complaint ("second TAC") and attached the proposed second TAC. *ECF Nos. 68, 68-1*. Defendants opposed the Motion. *ECF No. 73*. Plaintiff filed a Reply addressing defendants' opposition. *ECF No. 78*.

## II.    LEGAL STANDARD

Generally, a party may amend its pleadings "as a matter of course" within 21 days of serving it or within 21 days after service of a responsive pleading under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, amendments are only permitted "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 provides that "[t]he court should freely give leave when justice so requires." *Id.* Generally, the Ninth Circuit has held that Rule 15(a) should be "applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). "Five factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (citing *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)); *see also Eminence Capital, LLC,* 316 F.3d at 1052 ("undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities." *Roth v. Garcia Marquez*, 942 F.2d 617, 628 (9th Cir. 1991) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). Ultimately, there is considerable deference to amendment and the analysis "should be performed with all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999).

## III.    ANALYSIS

Plaintiff seeks to add a deceptive trade practices claim and Travelers Indemnity Company ("Travelers") as a defendant. *See ECF Nos. 68, 68-1.* He also seeks to change his wrongful termination claim to be a claim of "bad faith discharge[.]" *ECF No. 68-1 at 31.* Furthermore, plaintiff seeks to add

2

and alter facts alleged based on discovery conducted in this case and in response to defendants' Motions to Dismiss (ECF No. 42, 52) his SAC. *See ECF Nos. 68*, *68-1*.

In considering the relevant factors, good cause exists to grant the Motion.

### A.    Bad Faith or Dilatory Motive.

"[B]ad faith is not simply bad judgment or negligence, but rather implies the conscious doing of a wrong because of dishonest purpose or moral obliquity … it contemplates a state of mind affirmatively operating with furtive design or ill will." *United States v. Manchester Farming P'Ship*, 315 F.3d 1176, 1185 (9th Cir. 2003) (internal citations omitted). In the context of a motion for leave to amend, "bad faith" means acting with intent to deceive, harass, mislead, delay, or disrupt. *Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). Because defendants do not argue bad faith, and because the Court must grant all inferences in favor of allowing amendment, the Court finds that bad faith does not exist. *See Holland v. Pinnacle Servs. Inc.*, No. 3:23-CV-00071-MMD-CLB, 2023 WL 5672791, at *1 (D. Nev. July 25, 2023) (citing *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999)), report and recommendation adopted sub nom. *Holland v. Pinnacle Servs. Inc.*, No. 3:23-CV-00071-MMD-CLB, 2023 WL 5670115 (D. Nev. September 1, 2023). Therefore, the Court finds that this factor weighs in favor of amendment.

### B.    Undue Delay

In evaluating whether a Motion to Amend is timely, courts consider (1) whether the amendment was sought before the amended pleadings deadline in a scheduling order and (2) "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006) (internal citations omitted). "[D]elay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *see also Morongo Band of Mission Indians*, 893 F.2d 1074, 1079 (9th Cir. 1990).

The motion is timely as to the first consideration. At the time the Motion was filed, the deadline to amend pleadings and add parties was November 3, 2025. *ECF No. 66* at 5. Plaintiff filed their Motion on October 24, 2025. *ECF No. 68*. Because plaintiff sought to amend the complaint before the deadline expired, the motion is timely. Therefore, this factor weighs in favor of amendment, at least on this consideration.

The motion is also timely as to the second consideration. Defendants argue that "the factual assertions and allegations raised in the proposed [second TAC] were known, or should have been known, by Plaintiff when he filed his SAC on May 13, 2025." *ECF No. 73* at 10. However, "leave to amend should not be denied… if the movant offers a satisfactory reason for waiting to amend." *Snow Covered Cap., LLC v. Fonfa*, No. 2:22-cv-01181-CDS-BNW, 2024 WL 343435, at *2 (D. Nev. January 30, 2024). Plaintiff explains that it was only able to confirm that Travelers was "the appropriate insurance carrier to pursue and that [p]laintiff is indeed an insured under the policy" by mid-August 2025. *See ECF No. 78* at 9-10; *see also ECF No. 78-1*. He therefore could not properly allege his deceptive trade practices claim involving Travelers as a defendant until mid-August 2025. *See ECF No. 78* at 9-10; *see also ECF No. 78-1*; *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) (stating that "appellants have offered a satisfactory explanation for their delay in naming HFB as a defendant, i.e., they waited until they had sufficient evidence of conduct upon which they could base claims of wrongful conduct"); *Story v. Midland Funding LLC*, 2016 WL 5868077, at *4 (D. Or. Oct. 7, 2016) (granting an amendment to add claims based on information obtained in discovery and stating that "new claims based on new information does not cause undue delay, even if some of the facts underlying the new claims were available… when [plaintiff] filed her initial complaint.").

Furthermore, defendants' counsel did not all respond to plaintiff's August 2025 message seeking for a stipulation to filing an amended complaint being filed until October 14, 2025. *See ECF No. 78* at 9-

4

10; *see also ECF No. 68-2.* Therefore, plaintiff did not know if all defendants were going to oppose the filing of his second TAC until October 2025.

Plaintiff also states that he did not seek to amend until evidence showed that a bad faith discharge claim was more appropriate to make instead of one for wrongful termination and that he adds additional clarifying information regarding his other claims to ensure that they are well pleaded. *ECF No. 78* at 10-11; *see also DCD Programs, Ltd.*, 833 F.2d at 187; *Story*, 2016 WL 5868077, at *4. Because plaintiff has provided a satisfactory explanation, and because the Court grants all inferences in favor of amendment, the Court finds that this factor overall weighs in favor of amendment.

### C.    Prejudice

"Prejudice to the opposing party is the most important factor." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971)). "The party opposing amendment bears the burden of showing prejudice." *Eminence Capital*, 316 F.3d at 1052. "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.* "Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny [a motion to amend]." *Howey v. United States*, 481 F.2d 1187, 1190-91 (9th Cir. 1973).

Defendants argue that they will be prejudiced because the proposed TAC would "materially alter the nature of the litigation" from "municipal employment and constitutional claims to insurer-centric theories about claims handling and settlement communications." *ECF No. 73* at 8. Defendants also argue that plaintiff filing several amended complaints and seeking to file another have forced them to constantly "reassess their litigation strategy, re-investigate facts, and re-brief motions to dismiss[.]" *Id.*

The Court finds that defendants have not met their burden to show undue prejudice. *Underwood v. O'Reilly Auto Enter.*, LLC, 342 F.R.D. 338, 343 (D. Nev. 2022) ("[I]t is undue prejudice that warrant

denial of leave to amend ... Hence, non-movant must show 'substantial prejudice or substantial negative effect' if the amendment is allowed."). As plaintiff points out, the deceptive trade practices claim and Travelers as a party are connected to the current claims and parties involved in this case and would be "another factor [that relate] to [p]laintiff's [current] claims." *See ECF No. 78* at 7-8. Discovery in this case is also still open and parties may still move to extend discovery if needed. Furthermore, plaintiff must seek the leave of the Court or defendants' written consent to amend his complaint any further. Plaintiff thus cannot freely file further amended complaints without the Court's or defendants' approval. Therefore, the Court does not find defendants will face undue prejudice at this time. This factor accordingly weighs in favor of amendment.

### D.    Futility

The futility analysis "determines whether the proposed amendment would survive a challenge of legal insufficiency under Federal Rule of Civil Procedure 12(b)(6)." *JPMorgan Chase Bank, N.A. v. KB Home*, 740 F.Supp.2d 1192, 1197 (D. Nev. 2010) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), implied overruled on other grounds by *Ashcroft v. Igbal*, 556 U.S. 662 (2009)). Under Rule 12(b)(6), the complaint must plead enough facts to state a plausible claim of relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The party opposing amendment holds the burden of demonstrating futility. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

In this case, defendants' argument regarding the futility of the deceptive trade practices claim is better raised in a motion to dismiss. "Deferring ruling on the sufficiency of the allegations is preferred in light of the more liberal standards applicable to motions to amend and the fact that the parties' arguments are better developed through a motion to dismiss or motion for summary judgment." *Steward v. CMRE Fin'l Servs., Inc.*, No. 2:15–cv–00408–JAD–NJK, 2015 WL 6123202, at *2 (D. Nev. October 16, 2015). The Court defers addressing the sufficiency of plaintiff's proposed claims at this time, under the motion to amend rubric, because defendants may seek dismissal after the amendment is filed. *See*

6

*Nev. Power Co. v. Trench Fr.*, No. 2:19-cv-01252-JAD-VCF, 2020 WL 1434398, at *1 (D. Nev. March 24, 2020) (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003) ("Denial of leave to amend on this ground [futility] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.")). This factor accordingly weighs in favor of amendment.

### E.    Prior Amendments

Plaintiff has filed several amended complaints, including two without requesting for a leave to amend when he was required to under Federal Rule 15. *See ECF Nos. 24, 30, 49.* However, at this time plaintiff has not "repeatedly failed to cure deficiencies by prior amendments[.]" *See Best Odds Corp. v. Jackness*, No. 2:10-cv-507-JCM-LRL, 2010 WL 11579675, at *2 (D. Nev. December 29, 2010) (citing *Moore v. Kayport Package Express, Inc.,* 885 F.2d 531, 538 (9th Cir. 1989)) (stating that absent "any showing of 'undue delay, bad faith, dilatory motive, prejudice to the defendants ... or repeated failure to cure deficiencies in the complaint by prior amendment,' this [C]ourt is inclined to grant the motion to add the new claims for relief."). Therefore, the factor is neutral.

## IV.    CONCLUSION

In considering all the relevant factors, the Court finds good cause to grant the Motion.

ACCORDINGLY,

**IT IS ORDERED that:**

1. Plaintiff's *Motion to Amend* (ECF No. 68) is **GRANTED**.

2. Plaintiff shall file the proposed Third Amended Complaint no later than **February 26, 2026**.

DATED: February 19, 2026.

IT IS SO ORDERED.

_____
Hon. Maximiliano D. Couvillier, III
United States Magistrate Judge

7